## DUNLEVY & BRO. CO. v. FORREST.

(Circuit Court of Appeals, Third Circuit. May 8, 1912.)

No. 47 (1,611).

1. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

In an action to recover for the death of an employé by being caught in machinery, whether the machinery was safeguarded as required by a state statute is ordinarily a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 289*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action to recover for the death of a servant, the question of contributory negligence held properly submitted to the jury on evidence showing that, while deceased was oiling machinery in an obscure light,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he was caught by a set screw on another part of the machinery, of which he had not been warned.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

In Error to the District Court of the United States for the Western District of Pennsylvania.

Action at law by Elizabeth Forrest against the Dunlevy & Bro. Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Harry J. Nesbit and John M. Henry, both of Pittsburgh, Pa., for plaintiff in error.

H. Fred Mercer, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

BUFFINGTON, Circuit Judge. In this case Elizabeth Forrest, a British subject, brought suit against the Dunlevy & Bro. Company, a corporation of Pennsylvania, to recover damages for the death of her husband, alleged to have been caused by the negligence of said company while he was in its employ. A verdict was found for plaintiff, and on entry of judgment thereon defendant sued out this writ, and assigned for error the refusal of the court to give binding instructions in its favor.

The deceased had worked four months in the defendant's factory, oiling machinery and doing odd jobs. On the day of the injury he was directed to oil the elevator. This he had done three times before, but was not told how to do it, or warned as to any danger. To oil the worm gear which operated the elevator drum, it was necessary that one stand near a shafting on which there was an unguarded set screw, of which the deceased did not know, and which was not distinguishable when the shaft was revolving. No one witnessed the accident; but it seemed likely that, while Forrest was trying to oil the elevator, his clothing was caught by the set screw, and he was whirled around in such manner as to cause his death. The case involved two questions, viz., whether the machinery was safeguarded, under the provisions of the Pennsylvania statute; and, second, whether the court should have held the deceased guilty of contributory negligence.

[1] The statute in question provides that all set screws shall be properly guarded, and the question whether this is done is, ordinarily, for the jury. Jones v. American Co., 225 Pa. 650, 74 Atl. 613. Under the facts of this case it would have been manifest error for the court to have itself held that the set screw was guarded by its mere location a considerable distance above the floor. It was not on the floor level that danger was incurred from the protruding set screw, but from the fact that to oil the worm gear of the elevator one had to stand on the bearing of the shaft and the beam supporting the shaft—places above the floor level and outside the eleva-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tor shaft. The verdict of the jury being against the defendant, its statutory negligence by failing to guard was established (Jones v. American Co., supra), and the plaintiff was entitled to recover,. unless the deceased was guilty of contributory negligence.

[2] This question was submitted to the jury, and the facts and the inferences possible to be drawn therefrom were such that a jury—not a court—should pass upon them. It is true the deceased had been told generally not to oil machinery while in motion; but it was also true that he was told specifically to oil the elevator, and that in order to do so he had to run the elevator up, so that he could stand on the cage to oil the overhead drum. This movement necessitated starting an engine, which also revolved this shafting. It will also be noted that he was not injured by machinery in motion while he was attempting to oil it; but in oiling the drum, which was not moving, he was caught by the set screw. Nor can it be said he was negligent in approaching the unguarded set screw. There is no proof he knew of its location. He was not told of its danger, and the proof is that the speed at which the shafting revolved so blurred the set screw that it could not be distinguished.

After full consideration, we are of opinion the judgment should be affirmed.